IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★ NOV 24 2010 ★

NB:ALB
F# 2010R0_____                    **LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# 10-1399M

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                    COMPLAINT

    - against -                         M. No. _____
                                           (18 U.S.C. § 2252(a)(2))
JOSHUA DIAMAND,

        Defendant.

- - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS.:

      DEBRA GERBASI, being duly sworn, deposes and says that she is a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

      On or about and between January 1, 2008 and November 24, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSHUA DIAMAND did knowingly and intentionally receive visual depictions using a means and facility of interstate and foreign commerce, which visual depictions had been mailed, shipped and transported in and affecting interstate and foreign commerce, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct and such visual depictions were of such conduct.

      (Title 18, United States Code, Section 2252(a)(2)).

      The source of my information and the grounds for my

belief are as follows:[1]

1.   I have been employed as a Special Agent with ICE, formerly the United States Customs Service, since November 2002, and I am currently assigned to the Long Island Assistant Agent in Charge Office.   Since February 2009, I have been assigned to investigate Sexual Exploitation of Children ("SECC") violations of federal law, including the production, importation, advertising, receipt, possession, access with intent to view, transportation and distribution of child pornography which occur in the Eastern District of New York.  Since that time I have engaged in daily work related to conducting these types of investigations and the execution of searches involving individuals suspected of child pornography offenses.  In addition, I have consulted with other ICE Agents and law enforcement personnel who have extensive training and experience in child sexual exploitation investigations and computer forensics.  I am also a member of the Eastern District of New York Project Safe Childhood Task Force.

2.   I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution, and proliferation of child pornography.  Additionally, statements attributable to individuals

_____

[1]   Because the purpose of this affidavit are  merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

-2-

herein are set forth in sum and substance and in part.

## BACKGROUND OF THE INVESTIGATION

3.    In early 2010, the Dutch National Police received information and data from the Dutch Internet Website hosting company PC Extreme, Middelburg, the Netherlands. PC Extreme reported that a server of one of their customers had been hacked. The hackers had placed an illegal website containing child pornography images on the hacked web server. PC Extreme saved the log files and child pornography images from the hacked server and turned the log files and images over to the Dutch National Police. The log files from the hacked server showed several thousand unique IP-addresses had visited the illegal child pornography website and some had downloaded images from the illegal website.

4.    On April 14, 2010, the Dutch National Police turned over copies of the log files and child pornography images that were recovered from the website to the Department of Homeland Security Immigration and Customs Enforcement Cyber Crimes Center ("C3") in Fairfax, Virginia.   The log files and images were turned over to C3 for further investigation of individuals in the United States who have visited and downloaded images from the website. Agents at C3 have reviewed the server log files and have concentrated on IP addresses that show a successful "200" get command.   The "200" get command means that the individual accessed the file by either actively clicking on a thumbnail image file to bring up a full size image of the file or they successfully downloaded the image file to their computer.

-3-

5.   Agents at C3 reviewed the server log files and found that on August 22, 2009 at 3:53:36 AM UTC[2] +2 through August 23, 2010 at 12:18:23 AM UTC +2 time, an individual using the IP address 24.185.213.240 had accessed the above web site and downloaded images.   C3 Agents determined that the IP address 24.185.213.240 was owned by the Internet Service Provider Cablevision, located in Bethpage, New York.

6.   A subpoena issued to Cablevision revealed that the subscriber of the IP address 24.185.213.240 on August 22, 2009 at 3:53:36 AM UTC +2 through August 23, 2010 at 12:18:23 AM UTC +2 time was the defendant JOSHUA DIAMAND and that the service of this IP Address was physically provided at DIAMAND's residence in Rockville Centre, New York.

7.   I have reviewed the images which were accessed by a computer from DIAMAND's residence on August 22-23, 2009.   A sample of these images, which were reviewed by the Honorable E. Thomas Boyle on November 23, 2010, are described as follows:[3]

a.   1250879915394.jpg which depicts two nude females approximately 5 to 7 years' old both

---

[2]   "UTC," also known as Coordinated Universal Time is the time standard used by computer servers, online services and other entities that rely on having a universally accepted time.   UTC time is the de facto equivalent of Greenwich Mean Time ("GMT").

[3]   Although still images of apparent child pornography can be created using "morphing" technology and the identity of the minors depicted in these images are not known to law enforcement (i.e., the identity and age of the children have not been discovered by law enforcement), it appears that these images involve the use of actual (i.e. non-virtual) minors engaging in sexually explicit conduct.   This conclusion is also based upon my review and my consultation with other agents experienced in determining whether child pornography images depict real children.

-4-

holding an adult male's penis;

b.   1250880192508.jpg which depicts a young female approximately 9 to 11 years' old holding an adult male's penis; and

d.   1250905788405.jpg which depicts a nude male approximately 10 to 12 years lying on a bed while a nude young girl approximately 9 to 11 years old sits naked on top of his penis.

## THE SEARCH WARRANT EXECUTION

8.   On November 24, 2010, I, along with other law enforcement personnel, executed a federal search warrant on the residence of the defendant JOSHUA DIAMAND in Rockville Centre, New York, which warrant was issued by the Honorable United States Magistrate E. Thomas Boyle of the Eastern District of New York on November 23, 2010.

9.   Pursuant to this search, the defendant JOSHUA DIAMAND was interviewed, following waiver of his Miranda rights. Defendant DIAMAND admitted, in sum and substance and relevant part, that he had images of underage pornography on a laptop computer upstairs in the attic. DIAMAND indicated that he had been viewing and downloading child pornography on and off for a few years (approximately 3 years) and views it once a week or so including while his wife is home. DIAMAND stated that he collected and saved child pornography and that he masturbated to the videos and images. DIAMAND indicated he had videos and images of teenagers and children, including pictures of poses and sexual activity on the laptop. DIAMAND indicated he knew that child pornography involved children under the age of 18 involved in sex acts. DIAMAND then

-5-

placed his hands over his face again shaking his head up and down and stated "I know I screwed up; I know it illegal." DIAMAND stated that he had never paid for the stuff, nor sent any of it online. DIAMAND explained that he used Tour Networks, a web page that would have all the different links and sites to download and would click on the sites. DIAMAND also used IX quick a search engine to locate child pornography. DIAMAND indicated that the last time he had downloaded images was on Monday in the morning. DIAMAND indicated his wife babysits children at the residence. DIAMAND indicated that a lot of the stuff downloaded was of "girls." DIAMAND was asked, knowing this was illegal, why he kept doing it to which he responded that he always felt bad about it, and thought he would stop, but it just developed and one thing led to another. DIAMAND denied having ever touched his son or the kids his wife watched. DIAMAND stated that his wife did not use the computer upstairs and there was nothing on the other computers. When DIAMAND was asked, "What are they going to find on the computer?" he stated that they will find videos and images of underage kids, not sure of what is on there, I would click on links and then download it and look at it. DIAMAND stated that the pictures are saved on the thumb drive and the videos will be on the downloaded folder on the laptop.

      10. A partial preliminary computer forensic examination of computer equipment recovered from the residence of defendant JOSHUA DIAMAND revealed numerous images and videos of apparent child pornography. Included among these files were at least three video files which were determined to have been downloaded by

DIAMAND, as set forth below:

      a.    The movie file "(Pthc) Little 6Yo - Shower And Taste Cum.mpg," which was downloaded on or about October 31, 2010, which depicts a prepubescent female child approximately 6 years' old engaged in oral-genital contact with an adult male;

      b.    The movie file "Pthc Dad Come In 5yo Tight Pussy -Close-Up Very Good 2010.mpg," which was downloaded on or about November 6, 2010, which depicts a prepubescent female child, approximately 5 years' old being vaginally penetrated by a adult male; and

      c.    The movie file "Crissy & Sophie - 3yo Toddler Angels Demanding A Lot Of Relief.mpg," which was downloaded on or about January 1, 2008, which depicts two prepubescent female children, approximately 3 years' old, engaging in explicit sexual acts, including vaginal intercourse with an adult male. These videos are also available for the Court's inspection.

      WHEREFORE, Your affiant also respectfully requests that the defendant JOSHUA DIAMAND be dealt with according to law.

Debra Gerbasi
Special Agent - ICE

Sworn to before me this
24th day of November 2010

/S/ E. THOMAS BOYLE, MJ

THE HONORABLE E. THOMAS BOYLE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

-7-